39 F.3d 1166
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Eduarda C. AMARAL, Plaintiff, Appellant,
v.
RHODE ISLAND HOSPITAL TRUST, et al., Defendants, Appellees.
 No. 94-1805
 United States Court of Appeals,
First Circuit.
 Oct. 25, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge ]
 Eduarda C. Amaral on brief pro se.
 Joseph V. Cavanagh, Jr., Michael DiBiase, Karen A. Pelczarski and Blish & Cavanagh on brief for appellees.
 D.R.I.
 AFFIRMED.
 Before Cyr, Circuit Judge, Bownes, Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant Eduarda C. Amaral appeals the entry of summary judgment by the United States District Court for the District of Rhode Island in favor of appellees, Rhode Island Trust National Bank and Christopher Brodeur. Amaral claims to have suffered discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e. The court dismissed the action on the ground that Amaral had failed to file a timely discrimination charge with the Equal Employment Opportunity Commission [EEOC]. We have reviewed the record in this case, as well as the parties' briefs, and we affirm essentially on the same grounds as those relied upon by the district court.
 
 
 2
 In a "deferral state" like Rhode Island, see Paulo v. Cooley, Inc., 686 F. Supp. 377, 382 (D.R.I. 1988), a plaintiff alleging discrimination in violation of Title VII must file an administrative complaint with the EEOC within 240 days of the challenged conduct. Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179, 181 (1st Cir. 1989). The evidence in the instant case is uncontested that Amaral filed a sworn complaint with the EEOC, see 42 U.S.C. Sec. 2000e-5(b); 29 C.F.R. Sec. 1601.9 (charge of discrimination must be signed and verified under oath), only on September 25, 1992, which was 291 days after the most recent alleged discriminatory conduct.
 
 
 3
 Moreover, Amaral has not presented sufficient evidence to entitle her to equitable tolling of the limitations period. See Mack, 871 F.2d at 185 (this court "hew[s] to a 'narrow view' of equitable exceptions to Title VII limitations periods").
 
 
 4
 Affirmed.